*579 OPINION OF THE COURT
Alan LeVine, J.
In this action to recover damages for violations of the Returnable Container Act (ECL 27-1001 — 27-1019) and for a permanent injunction, codefendants Alon Distributing Corp., Beehive Beer Distributing Corp., Boening Bros., Inc., Kellie Brothers Beer Distributors, Inc., Oak Beverages, Inc., Phoenix Beverages, Inc., Charles Snyder Beverages, Inc. and Union Beer Distributor, Inc. seek an order dismissing the complaint on the grounds that plaintiff lacks standing and capacity to sue, collateral estoppel and failure to state a cause of action. Codefendant Sound Distributing Corp. separately moves for the same relief. Codefendants Harbor Distributing Corp., Clare Rose Corp., Port Distributing Corp., Prospect Beverages Inc., and Raso Beer Distributing Co., Inc. separately move for the same relief. Codefendant Manhattan Beer Distributors, Inc. separately moves for the same relief, and alleges that the complaint incorrectly states that it distributes Miller Brewing Company products, and that it is not a distributor of this product and therefore not required to redeem Miller beverage containers.
These motions are consolidated for the purpose of this decision.
Plaintiff T & L Redemption Center Corporation (hereinafter T & L) is a licensed beverage redemption center and is in the business of redeeming empty beverage containers, pursuant to the Returnable Container Act (ECL 27-1001 — 27-1019). Plaintiff claims that defendants, all of whom are prime beer distributors, refused to accept and redeem empty beverage containers properly tendered by T & L for redemption in violation of the Returnable Container Act’s (hereinafter Act) mandatory acceptance provisions. T & L claims that it acquired a large supply of empty container^ at a substantial cost, and because of defendants’ refusal to accept them, it has been forced to destroy or dump them for lack of storage space, and has virtually been forced out of business. T & L seeks to recover damages, as well as a permanent injunction compelling defendants to accept and redeem its beverage containers.
Plaintiff commenced a prior action in the United States District Court, Eastern District, against the defendants named herein, entitled T & L Redemption Center Corp. v Phoenix Beverage (CV-88-2793), in which it asserted a Federal antitrust claim, as well as a claim for injunctive relief and damages for *580 violations of the Act. The Federal court, in a memorandum and order dated August 1, 1989 and a judgment dated August 8, 1989, dismissed T & L’s antitrust claim on the merits, denied the request for injunctive relief, and dismissed the remainder of the State law claims for lack of subject matter jurisdiction.
Defendants, in four separate motions, now seek an order dismissing the complaint on the grounds of lack of standing, res judicata and failure to state a cause of action. Defendants argue that no private right of action exists to enforce the provisions of the Act, or to seek damages for violations of the Act. It is further asserted that plaintiff, in the Federal action, admitted that no such cause of action exists, and therefore the doctrine of collateral estoppel is applicable to bar plaintiff’s present cause of action. Codefendant Manhattan Beer Distributors also asserts that the complaint incorrectly alleges that it distributes Miller Brewing Company products, and as it does not distribute Miller products, it is not statutorily required to redeem Miller beverage containers.
At the outset, the court notes that after the service of the within motions, plaintiff served an amended verified complaint, deleting the allegations against Manhattan Beer Distributors regarding the distribution of Miller Brewing Company products. The amended complaint now alleges that Manhattan distributes Rolling Rock Beer, and Manhattan does not dispute this. Therefore, as the amended complaint supercedes the original complaint, Manhattan’s assertions regarding the manufacturer of the beverages it distributes is now moot.
Defendant’s assertions of collateral estoppel based on plaintiff’s prior Federal court action are without merit. It is clear that the Federal court dismissed plaintiff’s claims under the Returnable Container Act on the grounds of lack of subject matter jurisdiction. Thus, as these issues were not decided on the merits, the doctrine of collateral estoppel is inapplicable to the case at bar. (Kaufman v Lilly & Co., 65 NY2d 449; McLearn v Cowan & Co., 60 NY2d 686; Kilduff v Donna Oil Corp., 74 AD2d 562.) Furthermore, while T & L stated in the Federal action that the Environmental Conservation Law and regulations do not expressly provide it with a cause of action for damages, this does not constitute an admission by plaintiff that it does not have any cause of action. Plaintiff correctly stated that neither the statute nor the regulations expressly provide for a private right of action. The issue presently *581 before this court is whether plaintiff can maintain an action for damages for violations of the Act.
The primary purpose of the Act is to provide a solution utilizing financial incentives to discourage the indiscriminate discarding, without regard to the public safety or the environment, of soft drink and beer containers. Violations of the Act are considered to "be a public nuisance”. (ECL 27-1015 [1].) Furthermore, violators of this provision are liable for a civil penalty of $500 per diem. A civil penalty may be assessed following a hearing or an opportunity to be heard. (ECL 27-1015 [1].) It is undisputed that the provisions of the Act, and its governing regulations, are enforceable by the Attorney-General of the State of New York and the Department of Environmental Conservation, in both the courts and administrative proceedings. (People v Port Distrib. Corp., 114 AD2d 259.)
Defendants assert that plaintiff may not maintain a private right of action for damages based on alleged violations of the Act. The Act expressly provided a private right of action only for deposit-initiating distributors (ECL 27-1007 [4]), and plaintiff is not a distributor. Therefore, defendants argue that as the Legislature created no other express private right of action, all other methods of enforcement lie with the Attorney-General or the Department of Environmental Conservation. Defendants thus assert that no implied private right of action exists. In addition, defendants argue that primary jurisdiction for the enforcement of plaintiff’s alleged claims should lie with the Department of Environmental Conservation. Finally, defendants argue that plaintiff may not seek damages based on a public nuisance, as the injury it allegedly suffered is one of degree, and not of kind. Defendants claim that the only difference between the harm suffered by plaintiff and that suffered by other members of the public is that plaintiff has purportedly failed to recover more deposits than other members of the general public might fail to recover.
The court finds that the doctrine of primary jurisdiction is inapplicable to the case at bar. The question presented here is whether defendants violated the Act and governing regulations by their refusal to accept the beverage containers offered by plaintiff for redemption. It is well settled that the doctrine of primary jurisdiction does not apply if the issue is whether a statute or agency regulation has been violated. Furthermore, as the issues presented herein do not call for the assistance of administrative expertise, and as there are no issues of fact *582 that are "not within the conventional experience of judges” (Far E. Conference v United States, 342 US 570, 574), the doctrine of primary jurisdiction is inapplicable. (See, People v Port Distrib. Corp., supra, at 266-267.)
It is undisputed that plaintiff is not a deposit-initiating distributor and therefore does not have an express right to seek damages under the Act. However, as redemption centers, such as plaintiff, were statutorily created (ECL 27-1003), the court finds that plaintiff may seek to enforce its right to operate under the provisions of the Act and its governing regulations.
Turning now to plaintiff’s claim based upon a public nuisance, it is well settled that a public nuisance is subject to correction only by a public authority (Copart Indus. v Consolidated Edison Co., 41 NY2d 564, 568). "It is equally clear, however, that one who suffers damage or injury, beyond that of the general inconvenience to the public at large, may recover for such nuisance in damages or obtain [an] injunction to prevent its continuance. This is old law”. (Graceland Corp. v Consolidated Laundries Corp., 7 AD2d 89, 91, affd 6 NY2d 900; Callanan v Gilman, 107 NY 360.) "If there is some injury peculiar to a plaintiff, a private action premised on a public nuisance may be maintained (Graceland Corp. v Consolidated Laundries Corp., supra, at 91; cf., Callanan v Gilman, supra, at 370-371). Allegations of pecuniary injury may be sufficient to satisfy the peculiar injury test (see, Francis v Schoellkopf, 53 NY 152) so long as the injuries involved are not common to the entire community exercising the same public right (see, Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314; Francis v Schoellkopf, supra).” (Leo v General Elec. Co., 145 AD2d 291, 294.)
Plaintiff herein relies on the cases of Leo v General Elec. Co. (145 AD2d 291, supra) and Farmer v D’Agostino Supermarkets (144 Misc 2d 631) for its claim of special damages. Plaintiff claims that it has been forced out of business by defendants’ alleged refusal to redeem the beverage containers, and that this impairment and loss of its business is different from the injury sustained by members of the community at large. Plaintiff is in business as a redemption center, and its revenues are derived solely from its operations pursuant to the Returnable Container Act. Plaintiff herein, like the homeless plaintiffs in Farmer (supra), and the commercial fisherman in Leo (supra), has had its livelihood impaired by defendants’ *583 alleged actions. Plaintiffs harm therefore is unique and differs in kind from that suffered by other persons who return beverage containers casually to obtain the refund value. Plaintiff is therefore entitled to sue for damages and injunctive relief for injuries resulting from the public nuisance. The court at this time makes no ruling as to the merits of plaintiffs causes of action or the defenses raised by defendants, including whether plaintiffs acquisition of the beverage containers was bona fide under the provisions of the Act and its regulations.
In view of the foregoing, defendants’ motions to dismiss the complaint are denied.