◼ In the Matter of JOSEPH T. BENNETT, JR., Petitioner, v BOARD OF REVIEW OF THE COUNTY OF SUFFOLK, DEPARTMENT OF HEALTH SERVICES, et al., Respondents.—

The petitioner is the owner of a 15,880-square-foot parcel of real property located on Halsey Street in the Village of Southampton. The property, which was originally comprised of two separate lots, the title to which merged by operation of law, is currently improved by a one-family residence and a three-car garage with a lean-to. The petitioner seeks to subdivide the property into 2 separate 7,940-square-foot lots, 1 of which would contain the existing residence, and the other of

which would contain a proposed residence plus the existing three-car garage.

The petitioner obtained the approval for the proposed subdivision and the necessary area variances from the Board of Zoning Appeals of the Village of Southampton in September of 1987. The Planning Board of the Village of Southampton thereafter approved the sketch plan submitted by the petitioner, subject to the condition that the petitioner obtain a subdivision approval from the Suffolk County Department of Health Services (hereinafter the DHS).

The DHS initially rejected the petitioner's application, informing the petitioner that the proposed subdivision would not comply with the Suffolk County Sanitary Code, which was promulgated to protect Long Island's drinking water by restricting development in certain groundwater protection areas. Specifically, the petitioner's proposal would be in violation of Suffolk County Sanitary Code, article VI, § 605 (1) (d) and (2) (b), which requires that a parcel of land located in the petitioner's area and designated as groundwater management zone 5, a deep-flow recharge area subject to impact by any soluble waste discharged into the groundwater, must have a total area of at least 40,000 square feet in order to be served with an individual waste disposal system.

After a hearing, the DHS, noting that the goal of Suffolk County Sanitary Code article VI is to "protect water quality by establishing limits on density of population", denied the petitioner's request for a variance from the applicable provisions of the Suffolk County Sanitary Code, finding that "[a]pproval of this development will have an adverse effect on the ground water".

The respondents' determination is supported by substantial evidence in the record and was not illegal, arbitrary or an abuse of discretion (see, Matter of Fuhst v Foley, 45 NY2d 441). The petitioner has failed to establish that strict compliance with the zoning law will cause "practical difficulties" (Matter of Fuhst v Foley, supra, at 445), since he is able to utilize the subject property without the requested variance (see, Matter of Paniccia v Volker, 133 AD2d 404). Nor has the petitioner demonstrated that he would suffer significant economic injury, for the mere fact that the property could be used more profitably if a variance were to be granted is insufficient to warrant the issuance of a variance (see, Matter of Pesek v Hitchcock, 156 AD2d 690; Matter of Iannucci v Casey, 140 AD2d 343; Matter of Paniccia v Volker, supra). Brown, J. P., Rubin, Kooper and Harwood, JJ., concur.