■ In the Matter of J.R. SURATWALA, Appellant, v DANIEL CASEY, as Chairman of the Zoning Board of Appeals of the Town of Oyster Bay, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Oyster Bay, dated March 26, 1986, which, after a hearing, denied the petitioner's application for several area variances, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Robbins, J.), dated July 14, 1986, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's arguments, we find that the determination of the respondent Zoning Board of Appeals of the Town of Oyster Bay is supported by substantial evidence and was not illegal, arbitrary or an abuse of discretion (see, Matter of Fuhst v Foley, 45 NY2d 441). The petitioner has failed to establish that strict compliance with the zoning law will cause "practical difficulties" (Matter of Fuhst v Foley, supra, at 445), since he is able to utilize the subject property without the requested variances (see, Matter of Paniccia v Volker, 133 AD2d 404). Nor has the petitioner demonstrated that he would suffer significant economic injury, "for the mere fact that the property could be used more profitably if a variance were to be granted is insufficient to warrant the issuance of a variance" (Matter of Bennett v Board of Review, 158 AD2d 520, 521). Moreover, the petitioner is presumed to have had knowledge, at the time he purchased the motel, as to the restrictions imposed upon it by the prevailing zoning ordinance. Thus, "whatever hardship now exists was clearly self-created, and this factor may properly be considered by the Zoning Board of Appeals of the Town * * * in deciding to deny [the petitioner's] application for an area variance" (Matter of Iannucci v Casey, 140 AD2d 343, 343-344).

Finally, we find no merit to the petitioner's claim that he was not given an adequate opportunity to review and rebut a recommendation of the Nassau County Planning Commission that the petitioner's application be denied. The record clearly demonstrates that the petitioner failed to object to, or even comment on this recommendation when it was read into evidence at the hearing (cf., Matter of Stein v Board of Appeals, 100 AD2d 590). Mangano, P. J., Bracken, Kunzeman and Kooper, JJ., concur.