In the Matter of JOHN R. LINDSTROM et al., Appellants, v ZONING BOARD OF APPEALS OF TOWN OF WARWICK et al., Respondents. [639 NYS2d 447]

The appeal from the intermediate order is dismissed because no appeal lies of right from an intermediate order in a proceeding pursuant to CPLR article 78 (see, CPLR 5701 [b]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The respondent Yung Sam Ski, Ltd. (hereinafter Yung Sam), purchased a ski area in the early 1970's. Subsequently, the ski area was rezoned from commercial amusement use to residential use. Accordingly, the ski use constituted a nonconforming use. In recent years, Yung Sam used the property during non-winter months for various activities, including bicycle races, outdoor craft fairs, and flea markets. The Building Inspector

found that these uses required site-plan approval, but the Zoning Board of Appeals held that those uses were authorized as accessory uses to the nonconforming use as a ski area. The Supreme Court upheld the Zoning Board's determination. We reverse the Supreme Court's judgment, and grant the petition to the extent that we reinstate the Building Inspector's determination, without prejudice to the right of Yung Sam to seek any additional relief from the Planning Board of the Town of Warwick.

The "right to continue a nonconforming use does not include the right to extend or enlarge such a use" *(Matter of Smith v Board of Appeals,* 202 AD2d 674, 676). Here, Yung Sam extended and enlarged the use of the land used as a winter ski area to include summer recreational activities. The particular summertime activities at issue here are not customarily incidental to the use of the property as a skiing area *(see, Matter of Campbell v Rose,* 221 AD2d 527; *Matter of Del Vecchio v Lalla,* 136 AD2d 820). Rosenblatt, J. P., Ritter, Copertino and Goldstein, JJ., concur.