■ In the Matter of URBAN FOREST PRODUCTS, INC., et al., Appellants, v ZONING BOARD OF APPEALS FOR TOWN OF HAVERSTRAW et al., Respondents, and PAUL E. HULTBERG et al., Intervenors-Respondents. [751 NYS2d 581] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Haverstraw, dated September 12, 2001, made after a hearing, which denied the petitioners' application for review of an administrative decision of the Chief Code Enforcement Officer of the Town of Haverstraw that determined that the petitioners were illegally

operating a commercial business in a residential zone, and for certification of an existing nonconforming use, the petitioners appeal from a judgment of the Supreme Court, Rockland County (O'Rourke, J.), dated February 11, 2002, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The subject of this CPLR article 78 proceeding is a commercial landscaping and mulching business operated by the petitioners at 229 Quaker Road (hereinafter the property) in an R-25 residential zone in the Town of Haverstraw. Prior to 1990 the property was zoned for planned industrial use, and used mainly for the storage and maintenance of commercial vehicles. In 1990 the Town of Haverstraw zoning code was amended and the property was rezoned as residential. The previous owner, who used the property solely for vehicle storage at that time, was allowed to continue his operation pursuant to well-settled law "that nonconforming uses or structures, in existence when a zoning ordinance is enacted, are, as a general rule, constitutionally protected and will be permitted to continue, notwithstanding the contrary provisions of the ordinance" (*People v Miller,* 304 NY 105, 107).

In 2000 the petitioners acquired the property and established a landscaping and mulching business, which involved processing trees and stumps through industrial wood chippers, and stirring large piles of mulch with bulldozers. Although the Chief Code Enforcement Officer of the Town of Haverstraw (hereinafter the CCEO) originally determined that the petitioners' operation was a protected legal nonconforming use, in May 2001 he issued a notice of violation to the petitioners for operating a commercial mulching business in a residential-zoned area. After extensive hearings, the Zoning Board of Appeals of the Town of Haverstraw (hereinafter the Board) rejected the petitioners' application to review the CCEO's determination, based, among other things, on its finding that the previous nonconforming use (vehicle storage) could not be altered to a use which did not exist at the time of the amendment, such as the subject landscaping and mulching operation.

It is well settled that judicial review of administrative agency determinations is limited to whether the action taken by the agency was illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of McNair v Board of Zoning Appeals of Town of Hempstead,* 285 AD2d 553). Thus, a zoning board's determination will be upheld if it had a rational basis and is supported by the record (*see Matter of Sasso v Osgood,* 86 NY2d 374).

Here, the petitioners clearly had the right to continue to use the property as it had been used through the 1990 amendment, but that right did not carry with it the attendant right to alter the use (*see Matter of Rudolf Steiner Fellowship Found. v De Luccia,* 90 NY2d 453, 458; *Matter of Lindstrom v Zoning Bd. of Appeals of Town of Warwick,* 225 AD2d 626, 627; *Matter of Smith v Board of Appeals of Town of Islip,* 202 AD2d 674). Thus, we agree with the Supreme Court that the petitioners' landscaping and mulching operation was an illegal nonconforming use because it did not predate the zoning amendment. The Board therefore properly denied the petitioners' application.

The petitioners' remaining contentions are without merit. S. Miller, J.P., Krausman, Luciano and Cozier, JJ., concur.