In a proceeding pursuant to CPLR article 78 to annul a determination of the Office of Consumer Affairs of the County of Nassau dated February 28, 2002, which, after a hearing, found that the petitioner had engaged in unfair trade practices and imposed a fine of $2,500, the appeal is from a judgment of the Supreme Court, Nassau County (Franco, J.), entered June 28, 2002, which granted the petition.
Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.
This proceeding arises from the container redemption policy of the petitioner, Pathmark Stores, Inc. (hereinafter Pathmark), under the Returnable Container Act (hereinafter the Act), part of the New York State Environmental Conservation Law (ECL 27-1001 et seq.). The Act provides for the payment of a five-cent deposit when certain beverages are purchased in the state, as well as for the redemption of empty containers by vendors and distributors, and provides general guidelines therefor. In addition, the New York State Department of Environmental Conservation (hereinafter the DEC) is authorized to promulgate regulations implementing the Act (see ECL 27-1009, 27-1013, 27-1014), and the Attorney General is likewise empowered to enforce provisions of the Act (see ECL 71-2727).
Pathmark’s redemption policy required customers to present vouchers from its reverse vending machines to its cashiers for payment within 24 hours of issuance by the machine. After receiving two complaints from Pathmark customers who were denied their refunds because of a failure to comply with this new policy, the Office of Consumer Affairs of the County of Nassau (hereinafter Consumer Affairs) investigated, which resulted in the issuance to Pathmark of a notice of violation for an unconscionable trade practice (see Nassau County Administrative Code § 21-10.2). After a hearing at which Pathmark was represented by counsel, the Hearing Officer issued a violation disposition. The Hearing Officer determined that Pathmark had committed an unconscionable trade practice by failing to post *521 notice of this policy and depriving customers of their refunds, thereby violating the local consumer protection regulations, and imposed a fine of $2,500.
Thereafter, Pathmark commenced this proceeding, asserting that Consumer Affairs did not have jurisdiction to enforce the ECL. The Supreme Court agreed with Pathmark, ruling that the Hearing Officer’s determination was “based exclusively on Pathmark’s alleged violation of state law,” and that since the DEC and the Attorney General have “exclusive” jurisdiction to enforce the Act and the DEC regulations, and only the DEC has authority to assess penalties for such violations, the local consumer protection law was preempted by the Act, and the respondents did not have jurisdiction to make a finding or impose a fine on Pathmark. We reverse.
Initially, the Nassau County Unfair Trade Practices Act is a consumer protection law of general applicability to all deceptive and unconscionable trade practices, and its application to activities also subject to regulation under the Act does not trigger preemption (see generally DJL Rest. Corp. v City of New York, 96 NY2d 91, 97 [2001]). This is especially true because the two laws serve completely different purposes, the former seeking to protect consumers, and the latter seeking to preserve the environment and ensure public safety (see Myerson v Lentini Bros. Moving & Stor. Co., 33 NY2d 250, 255 [1973]; T & L Redemption Ctr. Corp. v Phoenix Beverages, 148 Misc 2d 578, 581 [1990]; see also ECL 27-1001).
Further, the Act and other applicable legislation do not grant exclusive enforcement authority to the DEC and the Attorney General (see People v Port Distrib. Corp., 114 AD2d 259, 267-268 [1986]; Farmer v D’Agostino Supermarkets, 144 Misc 2d 631 [1989]). Accordingly, Consumer Affairs was entitled to enforce Nassau County’s consumer protection laws by fining Pathmark for its deception of consumers by imposing restrictions on their statutory redemption rights while failing to adequately disclose those restrictions.
Finally, the Hearing Officer’s determination that Pathmark violated the local consumer protection law by failing to post notice of its restrictive redemption policy, thereby committing an unconscionable trade practice, had a rational basis and was supported by the record (see Flacke v Onondaga Landfill Sys., 69 NY2d 355 [1987]; Matter of Urban Forest Prods. v Zoning Bd. of Appeals for Town of Haverstraw, 300 AD2d 498 [2002]).
The petitioner’s remaining contentions are without merit. Santucci, J.P., Luciano, Schmidt and Adams, JJ., concur.