In the Matter of GARY McDONALD, Appellant, v ZONING BOARD OF APPEALS OF TOWN OF ISLIP, Respondent. [819 NYS2d 533]—

In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Zoning Board of Appeals of the Town of Islip, dated September 30, 2003, made after a hearing, as denied that branch of the petitioner's application which was to establish a legal nonconforming use of his property as a mulching/recycling business, including outdoor storage of certain materials, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Henry, J.), entered December 22, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

It is undisputed that for three generations, dating back to the 1930's, the petitioner's family operated a landscaping and excavation business on a 2.6-acre parcel of property located within an area now designated for industrial 1 use in the Town of Islip. The petitioner seeks review of so much of a determination of the Zoning Board of Appeals of the Town of Islip (hereinafter the ZBA) as denied that branch of his application which was to establish a legal nonconforming use of the property as a mulching/recycling business, including outdoor storage of certain materials.

Judicial review of a determination of an administrative agency is limited to whether the action taken by the agency was illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Ifrah v Utschig*, 98 NY2d 304 [2002]; *Matter of Urban Forest Prods. v Zoning Bd. of Appeals for Town of Haverstraw*, 300 AD2d 498 [2002]). A use of property that existed before the enactment of a zoning restriction that prohibits the use is a legal nonconforming use, but the right to maintain a nonconforming use does not include the right to extend or enlarge that

use (*see Matter of P.M.S. Assets v Zoning Bd. of Appeals of Vil. of Pleasantville*, 98 NY2d 683, 684-685 [2002]; *Matter of Rudolf Steiner Fellowship Found. v De Luccia*, 90 NY2d 453, 458 [1997]; *Matter of Toys "R" Us v Silva*, 89 NY2d 411, 417 [1996]; *Matter of Urban Forest Prods. v Zoning Bd. of Appeals for Town of Haverstraw, supra*). "Further, in keeping with the sound public policy of eventually extinguishing all nonconforming uses, the courts will enforce a municipality's reasonable circumscription of the right to expand the volume or intensity of a prior nonconforming use" (*Incorporated Vil. of Laurel Hollow v Owen*, 247 AD2d 585, 586 [1998]; *see Matter of Urban Forest Prods. v Zoning Bd. of Appeals for Town of Haverstraw, supra; Matter of Rudolf Steiner Fellowship Found. v De Luccia, supra*).

Contrary to the petitioner's contention, the determination of the ZBA that the mulching and/or recycling processing facility operating on the northeast portion of the subject property was an impermissible expansion and alteration that exceeded the scope of the legal nonconforming use of the property as a landscaping and excavation business was not illegal, arbitrary or capricious, or an abuse of discretion (*see Matter of 550 Halstead Corp. v Zoning Bd. of Appeals of Town/Vil. of Harrison*, 1 NY3d 561 [2003]; *Matter of McCabe v Town of Clarkstown Bd. of Appeals*, 31 AD3d 451 [2006]; *Matter of P.M.S. Assets v Zoning Bd. of Appeals of Vil. of Pleasantville, supra* at 684-685; *Matter of Rudolf Steiner Fellowship Found. v De Luccia, supra; Matter of Watral v Scheyer*, 223 AD2d 711 [1996]). The ZBA's reliance on aerial photographs of the property maintained by the Town was proper under the circumstances, since the ZBA provided clear notice at the public hearing of its intention to review such photographs, and the petitioner neither objected to the procedure nor sought an opportunity to submit further evidence in rebuttal (*see Matter of Suratwala v Casey*, 172 AD2d 613 [1991]; *Matter of Russo v Stevens*, 7 AD2d 575, 578 [1959]). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Santucci, J.P., Krausman, Mastro and Skelos, JJ., concur.