OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs. In so holding, however, we do not find it necessary to reach the public policy question discussed in the Appellate Division decision.
It was conceded by the Village Attorney before the Zoning Board of Appeals that the use proposed to be made of the premises by petitioner "is a single family dwelling under the statute”* and that if the Board denied "the variance the *705 building would have to either be torn down or the additional land would have to be obtained.” Petitioner’s presentation before the Board included the statement that it had sought unsuccessfully to purchase additional land from the adjoining owner. Its petition in this review proceeding reiterated the unavailability of additional land through purchase and quoted the Village Attorney’s concession that if additional land were not obtained the building would have to be torn down. The "answer” of the Board was in narrative form and contained no denials of the specific allegations of the petition; rather it sought dismissal of the proceeding on the ground that no practical difficulty existed and that the difficulty, if any existed, was self-created.
Under those circumstances, the statements in the petition, not having been denied, "are deemed admitted” (CPLR 3018 [a]), for, as CPLR 103 (b) makes clear, the procedure in special proceedings is the same as in actions and is governed by the CPLR provisions applicable to actions except as otherwise prescribed by law. CPLR 7804 (e) contains no contrary prescription, and although it does authorize the court to order any defect or omission in the answer to be supplied, no such order was asked for or made.
As the matter reaches us, therefore, the Board is bound by formal judicial admissions that additional land cannot be purchased and that the residence on the land will have to be torn down if petitioner is to use the property for the permitted use for which it was purchased (Richardson, Evidence § 216 [Prince 10th ed]; Fisch, New York Evidence § 805 [2d ed]; McCormick, Evidence § 265 [3d ed]). As against that the Board’s "answer” suggests that denial of the requested rear-yard variance, without which petitioner could not install a driveway along the rear lot line, necessary to reach the proposed parking area, was proper because (1) so to locate the driveway would detract from the turn-of-the-century house and require removal of part of its old stone fence, which would not be aesthetically pleasing, (2) there would be insufficient parking with resultant environmental impact, and (3) the difficulty in which petitioner found itself was self-created, it having purchased with knowledge that the property was without a driveway and that its rear-yard setback was but 21.4 feet rather than the 30 feet required by the ordinance.
Aside from the fact that the Board made no such findings, none of the asserted reasons is sufficient to sustain denial of the permit in the . face of the admissions referred to above. To *706 require removal of the house in order to retain the charm of it and its old stone fence under the facts of this case clearly is capricious. As for parking, petitioner offered to provide whatever the Board required. Moreover, for purposes of local laws such as the Port Chester zoning ordinance, petitioner’s use is a family unit (Mental Hygiene Law § 41.34 [f]), for which the zoning ordinance (Port Chester Code § 98-14 [C] [1]) does not require more than the parking spaces petitioner proposed to provide.
Nor does the fact that petitioner was aware prior to consummation of its purchase contract that the village had raised a question concerning the rear setback sustain denial of the requested variance. That a difficulty may be self-created is a factor to be taken into account, but as we held in Matter of De Sena v Board of Zoning Appeals (45 NY2d 105, 108): "A finding of self-created hardship normally should not in and of itself justify denial of an application for an area variance. The basic inquiry at all times is whether strict application of the ordinance in a given case will serve a valid public purpose which outweighs the injury to the property owner” (citations omitted). For the reasons already noted, no valid public purpose would be served by denial of the variance and the injury to the property owner (removal of the existing building and erection of a new one 8.6 feet farther away from the rear line) therefore cannot have been found to have been outweighed. The Board’s denial of a variance of the rear setback provision of the ordinance was, therefore, arbitrary and capricious.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Hancock, Jr., concur; Judge Titone taking no part.
Order affirmed, with costs, in a memorandum.

 The reference was, apparently, to Mental Hygiene Law § 41.34 (f), which provides that, "A community residence established pursuant to this section and family care homes shall be deemed a family unit, for the purposes of local laws and ordinances.”