■ In the Matter of JOSEPH SILVERI et al., Appellants, v ALBERT C. NOLTE, JR., et al., Constituting the Board of Zoning Appeals of the Incorporated Village of Oyster Bay Cove, Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Incorporated Village of Oyster Bay Cove, dated May 10, 1984, which denied the petitioners' application for area variances, the appeal is from a judgment of the Supreme Court, Nassau County (Lockman, J.), dated April 10, 1985, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

It is well settled that local Zoning Boards have discretion in considering applications for variances and the judicial function is limited to reviewing whether the action taken by the Board was illegal, arbitrary or an abuse of discretion (see, Matter of Fuhst v Foley, 45 NY2d 441, 444; Matter of Cowan v Kern, 41 NY2d 591, 599; Human Dev. Servs. v Zoning Bd. of Appeals, 110 AD2d 135, affd 67 NY2d 702). Given petitioner

Joseph Silveri's background in real estate development and construction, and owing to the fact that he and his copetitioner previously applied for a variance for a structure which violated the rear yard set-back requirements of the zoning ordinance, the petitioners are certainly chargeable with knowledge of the applicable rear yard set-back requirements of the zoning ordinance. Thus, it cannot be said that the Zoning Board abused its discretion when it denied the petitioners' requests for substantial rear yard set-back variances based upon their alleged good-faith reliance upon an unidentified contractor.

Finally, we note that the Board did not violate the petitioners' due process rights when it reviewed pertinent Building Department records after giving the petitioners notice of its intention to do so. A Zoning Board is not required to follow formal rules of evidence (see, Matter of Holy Spirit Assn. v Rosenfeld, 91 AD2d 190; Matter of Von Kohorn v Morrell, 9 NY2d 27, 32), and has the legal right to conduct its own investigation (see, Matter of Holy Spirit Assn. v Rosenfeld, supra). Mangano, J. P., Brown, Niehoff and Eiber, JJ., concur.