■ In the Matter of DOMINICK P. PANICCIA, Respondent-Appellant, v CHARLES VOLKER et al., Constituting the Zoning Board of Appeals of the Village of Port Chester, Appellants-Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Port Chester (hereinafter the board), dated May 12, 1986, which, inter alia, denied the petitioner's application for variances from street frontage requirements and front- and side-yard parking prohibitions, the zoning board appeals, as limited by its notice of appeal and brief, from so much of a judgment of the Supreme Court, Westchester County (Delaney, J.), dated October 13, 1986, as annulled its denial of a street frontage variance and granted said variance, and the petitioner cross-appeals from so much of the same judgment as confirmed the zoning board's denial of an off-street parking variance.

Ordered that the judgment is modified, on the law, by deleting the first decretal paragraph thereof which annulled the board's determination as to the street frontage variance and granted said variance, and substituting therefor a provision confirming that portion of the board's determination; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The petitioner is the owner of a parcel of real property, presently improved by a one-family residence. The parcel, located on Bolton Place in the Village of Port Chester, is in a

district zoned "R-7". The petitioner seeks to subdivide the property into two separate lots and to thereafter build a dwelling on the smaller of the two lots. The latter would be situated upon a cul-de-sac and would be occupied by his son and daughter-in-law.

The petitioner's proposed subdivision would yield two lots with street frontages of 84.41 feet for the lot on which the petitioner's residence is currently located, and 59.65 feet for the smaller lot. However, the applicable zoning ordinance requires a minimum of 70 feet for street frontage of lots designated R-7 (Zoning Code of Village of Port Chester § 98-32 [E]). The inability to subdivide the parcel so as to comply with the zoning requirement arises from the location of the existing house, which is located toward the middle of the property. Consequently, the petitioner applied, *inter alia,* for an area variance of 10.35 feet for the frontage of the smaller lot.

While the Planning Commission of the Village of Port Chester conditionally recommended approval of the petitioner's subdivision plan, the board, after a hearing at which a significant number of neighborhood residents submitted a petition in opposition to the subdivision and voiced their objections, denied the petitioner's application for an area variance from the street frontage requirements.

The board premised its denial of the petitioner's application for an area variance on several grounds. The board found, *inter alia,* that the proposed smaller lot, necessitating the addition of a driveway on the cul-de-sac, would "create congestion on the circle and increase the danger of an accident". Additionally, the board concluded that the anticipated design of the proposed structure on the smaller lot would have a negative impact upon the character of the neighborhood. Since the structure "would have to be long and narrow in order to comply with side yard set back requirements", it would not conform to the existing houses in the area. The board further found that the lots in Bolton Place, including the petitioner's parcel, had been laid out in accordance with the subdivision map on file for Bolton Place, which had all the required approvals, and that the residents in the neighborhood had purchased in reliance upon Bolton Place being developed in accordance with the filed subdivision plan. The board reasoned that to change the plan by increasing the density in the traffic circle area when no evidence was proffered to show the modification would result in "economic benefit" to the petitioner would "violate the spirit of the subdivision and zoning ordinance[s]".

At the hearing, the board also considered, *inter alia,* the issue of whether, in the event the petitioner's parcel was subdivided into two lots, a variance would be necessary for a modification of the driveway servicing the current residence, situated on the larger of the proposed lots. The existing driveway did not comply with an ordinance proscribing front- and side-yard parking areas. The petitioner alleged that the driveway was a legal nonconforming use because it existed prior to the enactment of the subject ordinance. Since the petitioner was proposing a modification of the nonconforming use, the board ruled that a variance from proscriptions against front- and side-yard parking areas would be required and an application for such a variance would be denied.

In the instant proceeding, the court improperly substituted its own judgment for that of the board as the board's denial of the petitioner's application for an area variance from street frontage requirements of the village ordinance was supported by substantial evidence in the record and was not illegal, arbitrary or an abuse of discretion *(see, Matter of Fuhst v Foley,* 45 NY2d 441).

The petitioner failed to establish that strict compliance with the zoning law will cause " 'practical difficulties' " *(Matter of Fuhst v Foley, supra,* at 445), inasmuch as he is still capable of "utiliz[ing] his property or a structure located thereon 'without coming into conflict with certain of the restrictions of the [zoning] ordinance' " *(Matter of Fuhst v Foley, supra,* at 445, quoting from 3 Rathkopf, Zoning and Planning, ch 45, § 1 [4th ed]; *Matter of Pacheco v De Salvo,* 127 AD2d 597).

Nor has the petitioner demonstrated that he would suffer significant economic injury. The petitioner claims that the value of the two improved lots, if the parcel was subdivided, would exceed that of the parcel as it currently exists. However, a claim "that the property could be utilized more profitably if an area variance were granted, is ordinarily not sufficient to justify the issuance of a variance, irrespective of the application's seeming reasonableness" *(Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 140, *affd* 67 NY2d 702; *see also, Matter of Pacheco v De Salvo, supra; Matter of Juniper Homes v Nolte,* 104 AD2d 942).

Finally, any difficulty the petitioner has in complying with the zoning ordinance is self-created. While "[a] finding of self-created hardship normally should not in and of itself justify denial of an application for an area variance" *(Matter of De Sena v Board of Zoning Appeals,* 45 NY2d 105, 108; *see,*

*Matter of New York Inst. v Tanen,* 112 AD2d 164, *lv denied* 66 NY2d 602), this factor further militates against a finding for the petitioner, particularly since he has admitted to having purchased the parcel he now seeks to subdivide with knowledge of its attendant restrictions. Mollen, P. J., Brown, Weinstein and Rubin, JJ., concur.