■ In the Matter of SOLAL REALTY COMPANY, Appellant, v STANLEY P. AMELKIN et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondents, constituting the Zoning Board of Appeals of the Town of Huntington, dated March 7, 1985, which, after a

hearing, denied the petitioner's application for an area variance, the appeal is from a judgment of the Supreme Court, Suffolk County (Brown, J.), dated May 27, 1986, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The determination of the respondents that the petitioner was not entitled to a variance from the requirements of Huntington Code § 198-70 (B), which provides that there shall be only one main building on a lot in commercial districts, is not arbitrary, capricious, or an abuse of discretion *(see, Matter of Fuhst v Foley,* 45 NY2d 441), and is based on substantial evidence. The petitioner sought the variance in order to construct a free-standing office building on its property, which is presently improved by a mall. However, the petitioner failed to prove either that it would suffer a significant economic injury if the application for the variance was denied, or any practical difficulties which would entitle it to a variance *(see, Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, *affd* 67 NY2d 702). We reject the petitioner's contention that because it could construct an office building similar in size to the proposed free-standing office building as an expansion of the mall (i.e., as part of the same physical structure of the mall) as of right and without violating Huntington Code article IX prohibiting construction covering more than 25% of the area of a plot of land, it was thereby entitled to the area variance in question. Although both the 25% maximum lot coverage requirement and the one main building per lot requirement regulate density, the provisions address different aspects of density, and compliance with one provision does not automatically waive the need to comply with the other provision.

Similarly, the petitioner failed to overcome the presumption of the constitutionality of Huntington Code § 198-70 (B) as applied to its property by proof beyond a reasonable doubt that the ordinance either destroyed the economic value of its property, or that the ordinance was an invalid exercise of the police power because it was not reasonably related to a legitimate public purpose *(see, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492). Niehoff, J. P., Mangano, Eiber and Spatt, JJ., concur.