■ In the Matter of CLARA McCREADY, Respondent, v PASQUALE J. CURCIO et al., Constituting the Board of Zoning Appeals of the Town of Babylon, Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent members of the Zoning Board of Appeals of the Town of Babylon (hereinafter the Zoning Board), dated July 10, 1987, which, after a hearing, denied the petitioner's application for front yard, overhang and lot size variances to construct a one-family dwelling, the Zoning Board appeals from a judgment of the Supreme Court, Suffolk County (Stark, J.), dated October 28, 1987, which set aside the determination, granted the petition, and directed the Zoning Board to grant the petitioner's application for variances subject to conditions concerning fencing or vegetation within the existing intersection sight line.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner owns a substandard, irregularly shaped, corner lot on which the prior owner had partially constructed a one-family house. After the petitioner acquired the property and while she was completing construction, she was informed that she would need a new building permit. The application for a permit was subsequently denied, inter alia, because the front yard set back requirement was not met. Although the house was in line with houses on both streets, the distance between one corner of the house and the intersection was less than the 30 feet required by the applicable ordinance. The petitioner applied for an area variance in order to complete construction of the one-family home, which was then 75-80% complete. The application was denied by the Zoning Board.

The Zoning Board found that the lot would accommodate a one-family home, if the house's rectangular shape were aban-

doned and a nonrectangular house were constructed. The petitioner's expert estimated that the changes necessitated by denial of the variance would cost about $40,000 and that the house as presently constructed would have no adverse affect on the neighborhood. The board found that the house, as constructed, increased the risk of automobile accidents in the intersection.

The trial court held, *inter alia,* that the petitioner would suffer significant economic injury as a result of the denial and that the Zoning Board had failed to adduce competent proof that some legitimate purpose would be served by denying the variance.

We agree that the petitioner would suffer significant economic injury and find that practical difficulty will result if the zoning ordinance is strictly enforced. We also agree with the trial court's finding that there was no competent proof in the record to support the finding that granting the limited front yard set back variance to the petitioner would increase the risk of traffic accidents at the intersection.

Accordingly, we hold that the Zoning Board's determination denying the variance was not supported by substantial evidence and that the trial court properly annulled the determination and directed the granting of the variance and the issuance of a building permit *(see, Matter of Cowan v Kern,* 41 NY2d 591, *rearg denied* 42 NY2d 910; *Human Dev. Servs. v Zoning Bd of Appeals,* 110 AD2d 135, *affd* 67 NY2d 702). Kunzeman, J. P., Weinstein, Eiber and Spatt, JJ., concur.