■ In the Matter of J.T.T. CONTRACTORS, INC., et al., Appellants, v FRANK WARD et al., Constituting the Zoning Board of Appeals of the Town of East Fishkill, Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of East Fishkill, dated June 9, 1987, which denied the petitioners' application for an area variance, the petitioners appeal from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), entered December 4, 1987, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner contractor was given a building permit based on a plan which complied with the 50-foot side yard setback requirement for corner lots set forth in the town's zoning ordinance. The building permit stated, *inter alia,* that the contractor was responsible for zoning conformance, that variances should be applied for previous to construction, and that the town's Zoning Board of Appeals did not grant area variances for buildings which fail to comply with setback requirements because of misplacement. The contractor built the house in question in violation of the side yard setback requirement. The record reveals that the 17-foot mislocation of the building was discoverable after completion of the foundation. The contractor claims, however, that it was not until the date of the closing of title that he discovered the mislocation. He applied for an area variance based on economic hardship because he claims the house as completed is too expensive to move. The record indicates that in 1984 the same contractor made a setback error which he also alleged was not discovered until the time of closing. The Zoning Board of Appeals granted him a variance at that time and specifically warned him that such "builder's mistake" variances would not be granted to him again. Accordingly, the Zoning Board of Appeals denied the instant application for a variance.

The determination of the Zoning Board of Appeals that the petitioners were not entitled to a variance of the setback requirement of the zoning ordinance is supported by substantial evidence and is not illegal, arbitrary or an abuse of discretion *(see, e.g., Matter of Fuhst v Foley,* 45 NY2d 441). The petitioners failed to carry their burden of establishing that strict compliance with the zoning ordinance would cause practical difficulties rendering the property unusable *(Matter of Fuhst v Foley, supra,* at 445; *Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 138-140, *affd* 67 NY2d 702). Denial of the variance does not deprive the petitioners of the ability to utilize the property without coming into conflict with the zoning ordinance *(see, Matter of Fuhst v Foley, supra; Matter of Paniccia v Volker,* 133 AD2d 404, 406). The 17-foot variance is substantial. Moreover, the petitioners were aware of the setback requirement in question on corner property. Any difficulty the petitioners may experience is self-created. The petitioners correctly assert that self-creation does not in and of itself justify a denial of an area variance application *(Matter of De Sena v Board of Zoning Appeals,* 45 NY2d 105, 108; *see, Human Dev. Servs. v Zoning Bd. of Appeals,* 67 NY2d 702, 706, *supra).* However, this factor is a significant element

militating against the application *(see, Matter of Paniccia v Volker, supra,* at 406-407). Thus, the proceeding was correctly dismissed. Thompson, J. P., Lawrence, Kunzeman and Rubin, JJ., concur.