■ In the Matter of JEROME W. NAMMACK et al., Respondents, v ROBERT E. KRUCKLIN et al., Constituting the Zoning Board of Appeals of the Town of Southampton, Appellants.— In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Southampton, dated June 19, 1986, which, *inter alia,* denied the petitioners' application for an area variance for an existing tennis court, the appeal is from so much of a judgment of the Supreme Court, Suffolk County (Lama, J.), dated June 2, 1987, as directed the Zoning Board of Appeals to issue an area variance from the minimum side-yard setback requirement with respect to the existing tennis court.

Ordered that the judgment is reversed insofar as appealed from, with costs, that branch of the petition which sought review of the determination denying an area variance for an existing tennis court is dismissed, and that portion of the determination which denied the petitioners' application for an area variance with respect to the tennis court is confirmed.

The petitioners are property owners who improved property in the Town of Southampton by building a tennis court. A plot plan approved by the town showed the tennis court to be in compliance with the 30-foot side-yard setback requirement contained in the Building Zone Ordinance of the Town of Southampton. However, when the tennis court was completed it encroached into the side-yard setback by 10 feet. The encroachment was not discovered until a survey was completed for the purpose of completing an application for a certificate of occupancy. The petitioners sought an area variance which was denied by the appellants.

The decision of the Zoning Board of Appeals denying the petitioners' application for an area variance for the tennis court is supported by substantial evidence and is not illegal, arbitrary or an abuse of discretion *(see, Matter of Fuhst v Foley,* 45 NY2d 441). The petitioners have failed to carry their burden of establishing that strict compliance with the zoning law would cause practical difficulties rendering the property unusable. That they will suffer some economic loss is not to be considered *(see, Matter of Paniccia v Volker,* 133 AD2d 404; *Matter of CDK Rest. v Krucklin,* 118 AD2d 851, 852). Denial of the variance does not deprive the petitioners of the ability to

utilize the property without coming into conflict with the zoning law. Indeed, the original plan is in full compliance with the ordinance *(see, Matter of Fuhst v Foley, supra,* at 445; *Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 138-140, *affd* 67 NY2d 702; *Matter of Paniccia v Volker, supra,* at 406). The encroachment into the side yard was admittedly created by the negligence of the contractor and subcontractor. Thus, any difficulty is self-created. The petitioners correctly assert that self-creation does not in and of itself justify a denial of an area variance application *(Matter of De Sena v Board of Zoning Appeals,* 45 NY2d 105, 108; *see, Human Dev. Servs. v Zoning Bd. of Appeals,* 67 NY2d 702, 706, *supra);* however, this factor is a significant element militating against the application *(see, Matter of Paniccia v Volker, supra,* at 406-407).

Accordingly, upon due consideration of all the factors present in the case at bar, we reinstate the determination of the Zoning Board of Appeals denying the petitioners' application for a variance from the minimum side-yard setback requirement with respect to the tennis court. Thompson, J. P., Lawrence, Kunzeman and Rubin, JJ., concur.