In the Matter of HELAINE FENDELMAN et al., Appellants, v ZONING BOARD OF APPEALS OF THE VILLAGE OF SCARSDALE, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Scarsdale, which denied the petitioners' application for an area variance, the appeal is from a judgment of the Supreme Court, Westchester County (Cowhey, J.), entered March 30, 1990, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In December 1987 the petitioners' contractor submitted building plans to reconstruct a deteriorated two-car garage for their single family house, which they had owned since 1968. Both the existing garage and the proposed garage met the five foot side yard setback requirement of the Village Code. When the plaintiff sought a certificate of occupancy after the garage was rebuilt, a survey revealed that the side yard setback ranged from one foot eight inches at the rear to two feet two inches at the front, thereby violating the required side yard setback. Thereafter, the petitioners applied to the Zoning Board for an area variance, claiming that the violation of the side yard setback requirement was unintentional.

"It is well settled that local Zoning Boards have discretion in considering applications for variances and the judicial function is limited to reviewing whether the action taken by the Board was illegal, arbitrary or an abuse of discretion" *(Matter of Silveri v Nolte,* 128 AD2d 711; *see also, Matter of Fuhst v Foley,* 45 NY2d 441, 444). In the instant case, the

petitioners' sole allegation of practical difficulty is that altering the garage to comply with the side yard setback requirement will be costly. However, they failed to set forth any credible reason why the garage was not built in accordance with the requirements of the Village Code and the building plans they submitted. Clearly, the petitioners previously were able to utilize a garage that complied with the side yard setback requirements. That the petitioners may conceivably suffer some economic loss as a result of their alleged good faith reliance upon their contractor, who did not appear at the hearing, is an insufficient basis on which to grant the variance *(see, Matter of Nammack v Krucklin,* 149 AD2d 596; *Matter of Silveri v Nolte, supra).* Mangano, P. J., Lawrence, Rosenblatt and Copertino, JJ., concur.