■ In the Matter of LLOYD HOCHBERG et al., Respondents, v ZONING BOARD OF APPEALS OF THE INCORPORATED VILLAGE OF WESTHAMPTON BEACH et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Incorporated Village of Westhampton Beach dated November 17, 1988, which denied the petitioners' application for a variance, the appeal is from a judgment of the Supreme Court, Suffolk County (Copertino, J.), dated January 3, 1990, which annulled the determination and granted the petition.

Ordered that the judgment is affirmed, with costs.

Pursuant to the zoning code of the Incorporated Village of Westhampton Beach, the petitioners, the owners of a vacant parcel, were precluded from installing a tennis court in the front of their parcel. The petitioners applied for a variance, but the Zoning Board of Appeals of the Incorporated Village of Westhampton Beach (hereinafter the Board) denied their application.

We agree with the court's determination that the denial of the petitioners' application did not have a rational basis and was arbitrary (see, Matter of Fuhst v Foley, 45 NY2d 441). The petitioners established that six other similarly-situated properties had front-yard tennis courts. However, the Board based its denial on its mere "recollection" that in those other properties, the existence of a residence precluded the installing of tennis courts in their back yards and thus its denial was not supported by the evidence. In any event, even if shown that the other owners' properties were, unlike the petitioners' property, already improved, this would not be a "reasonable" explanation as it would not show that those other owners had shown the prerequisite "practical difficulties" warranting the granting of a variance (see, Matter of Cowan v Kern, 41 NY2d 591; Matter of Nammack v Krucklin, 149 AD2d 596; Human Dev. Servs. v Zoning Bd. of Appeals, 110 AD2d 135, 139, affd 67 NY2d 702; Jarmain v Hamburg, 72 AD2d 575).

In light of the above determination, we need not reach the petitioners' claim as to the validity of the applicable provision of the zoning code. Thompson, J. P., Miller, Pizzuto and Santucci, JJ., concur.