■ In the Matter of SALVATORE MIGLIO, Appellant, v MICHAEL J. AFFRUNTI et al., Respondents. [595 NYS2d 818] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of the Town of North Hempstead, dated September 5, 1990, which, after a hearing, denied the petitioner's application for use and area variances and a conditional use permit, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Robbins, J.), dated February 4, 1991, which confirmed the determination and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner is the owner of an "L" shaped property in Greenvale, New York, with a total lot area of 8,123.5 square feet with a frontage of 55 feet on Waldo Avenue and a frontage on Glen Cove Road of approximately 48 feet. The property consists of four lots. Lots 3 and 4 are vacant lots with frontage on Glen Clove Road, in Business B Zoning District. Lots 5 and 6, occupied by a two-story dwelling house, with street frontage on Waldo Avenue, are located in the Residence C Zoning District.

The petitioner applied to the Board of Zoning and Appeals

of the Town of North Hempstead for use and area variances to maintain the use of the residential dwelling as an office for a car rental business. Additionally, to facilitate the use of the premises for the purpose indicated, he applied for a conditional use permit to enable automobiles to be stored and parked on the vacant lots. The Board denied the petitioner's application, and this proceeding ensued. The Supreme Court dismissed the proceeding, finding that the Board "acted in a rational and reasonable manner after duly considering * * * the evidence presented". We agree.

It is well settled that zoning boards have broad discretion in considering applications for variances and that judicial review is limited (see, Matter of Fuhst v Foley, 45 NY2d 441). Moreover, this Court will sustain a zoning board's determination if it has some rational basis and is supported by substantial evidence (see, Human Dev. Servs. v Zoning Bd. of Appeals, 110 AD2d 135, affd 67 NY2d 702). "It matters not whether, in close cases, a court would have, or should have, decided the matter differently. The judicial responsibility is to review zoning decisions but not, absent proof of arbitrary and unreasonable action, to make them" (Matter of Cowan v Kern, 41 NY2d 591, 599).

We are satisfied that the decision of the Board was not illegal, nor arbitrary and capricious, and, that it was supported by substantial evidence (see, Matter of Cowan v Kern, supra; Human Dev. Servs. v Zoning Bd. of Appeals, supra). Miller, J. P., Ritter, Copertino and Pizzuto, JJ., concur.