◼ In the Matter of MORTON SLAKOFF et al., Appellants, v CHARLES HITCHCOCK, as Chairman of the Zoning Board of Appeals of the Town of East Hampton, et al., Respondents. [599 NYS2d 63] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of East Hampton, dated September 18, 1990, which, after a hearing, denied the petitioners' application for an area variance, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Mullen, J.), entered February 19, 1991, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioners are the owners of approximately two acres of property in a residential neighborhood in East Hampton, Long Island. A plot plan approved by the Building Department of the Town of East Hampton consisted of an accurate, scaled drawing of a proposed pool and deck and a shrunken

distorted sketch on an accurate survey of the property which depicted the proposed structures as being in compliance with the Town's 50-foot setback requirement. After the pool and deck were completed, a survey showed that the pool violated the setback requirement by 8.7 feet, and the deck violated the requirement by 15.7 feet. The petitioners and their builder claimed that they did not know of the violation and that they built the structures based on the approved permit.

The petitioners applied for an area variance and the respondent Zoning Board denied the petitioners' application on the ground that the claimed difficulty was self-created. This proceeding ensued. The Supreme Court dismissed the proceeding, finding that the determination was supported by substantial evidence, and any difficulty was self-created.

It is well settled that local zoning boards have broad discretion in considering applications for variances, and that judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 444). A zoning board's determination will be sustained if it has a rational basis and is supported by substantial evidence *(see, Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 139, *affd* 67 NY2d 702).

The East Hampton Town Code provides that a zoning variance shall not be granted unless strict application of a zoning ordinance will, *inter alia,* cause practical difficulty *(see,* East Hampton Town Code § 153-8-50 [c] [1]). In order to show practical difficulty, a petitioner must show that the property cannot be utilized without coming into conflict with certain restrictions of the zoning ordinance *(see, Human Dev. Servs. v Zoning Bd. of Appeals, supra,* at 139).

The petitioners will not be deprived of the use of their property by complying with the zoning ordinance. The fact that a hardship or difficulty is self-created is a significant, although not a dispositive, factor in determining whether a practical difficulty requiring a variance exists *(see, Matter of Naumann v Zoning Bd. of Appeals,* 161 AD2d 714, 715). Because the petitioners' builder submitted a distorted, misleading permit application which was approved by the Building Department, the encroachment over the setback line was created by the builder's negligence, and any difficulty suffered was self-created *(see, Matter of Nammack v Krucklin,* 149 AD2d 596). That the petitioners will suffer an economic loss is not to be considered *(see, Matter of Nammack v Krucklin, supra).*

Under all of the circumstances, the denial of the area variance was proper. Sullivan, J. P., Eiber, O'Brien and Pizzuto, JJ., concur.