■ In the Matter of SCARSDALE AVENUE EQUITIES ASSOCIATES, LTD., Appellant, v BOARD OF APPEALS OF THE VILLAGE OF SCARSDALE, Respondent. [605 NYS2d 361] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Village of Scarsdale, dated February 28, 1991, which, in part, denied the petitioner's application for certain area variances, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Rosato, J.), entered October 29, 1991, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In October 1990 the petitioner applied to the respondent Zoning Board of Appeals of the Village of Scarsdale (hereinafter the Zoning Board) for an area variance permitting construction of an 8,500 square-foot commercial office building which, if granted, would exceed the floor area ratio (hereinafter FAR) permitted under the village zoning ordinance by approximately 30%. The petitioner also sought a variance with respect to the required number of parking spaces. Before submitting its formal application, the petitioner had informal meetings with the Planning Board concerning the proposed development of its property.

On or about November 5, 1990, the Planning Board submitted a written memorandum to the Zoning Board recommending that an area variance be granted, but only to the extent of

permitting development of a 7,700 square-foot building, and a FAR variance of 19% rather than 30%, which would obviate the need for a parking space variance.

On November 14, 1990, at a public hearing on the application, the petitioner argued that mandating compliance with the zoning ordinance would cause it to suffer economic injury, which was not self-created because the property was obtained prior to enactment of the amended and more restrictive provisions concerning FAR and parking. Financial data was submitted by the petitioner purportedly demonstrating the greater economic return on its investment, based on development under the petitioner's proposal, compared with development as permitted under the ordinance. No economic projections were submitted with respect to the Planning Board's recommendation. Various members of the public appeared at the hearing and voiced objections to the size of the petitioner's proposed building.

The Zoning Board adjourned the hearing and requested submission of additional financial data. The petitioner submitted additional information in support of its claim, but again did not address the economic impact of developing the property as proposed by the Planning Board. A group of neighboring property owners submitted data conflicting with the petitioner's economic projections. The Zoning Board then notified the petitioner that an independent appraiser was being retained to evaluate the proposed development of the subject property.

After considering all the data, including the independent appraiser's report, the Zoning Board agreed with the Planning Board's recommendations. The Zoning Board determined that construction of a 7,700 square-foot structure would be consistent with the intent of the amended ordinance with respect to the neighborhood in question, and would provide the petitioner with a reasonable rate of return on its investment. Accordingly, the petitioner's application was granted in part and denied in part.

In the instant proceeding pursuant to CPLR article 78, the petitioner is seeking to review so much of the Zoning Board's determination as limited its FAR variance and denied the parking space variance. The Supreme Court concluded that the petitioner failed to demonstrate that it would suffer significant economic loss if the property were developed as approved by the Zoning Board. Further, the court concluded that the Zoning Board's determination was rational and supported

by substantial evidence in the record. Accordingly, the proceeding was dismissed. We now affirm.

A determination of a local zoning board with respect to an application for an area variance, made after a hearing at which evidence was taken, will be sustained if it has a rational basis and is supported by substantial evidence (see, Matter of Fuhst v Foley, 45 NY2d 441, 444). Based on this standard of judicial review, we conclude that the Supreme Court properly dismissed the instant proceeding.

The record demonstrates that the Zoning Board carefully considered relevant financial data in making its determination that the petitioner would realize a reasonable rate of return on its investment based on developing the subject property as recommended by the Planning Board. Proof that the property could yield a larger profit with a greater variance does not constitute the type of significant economic injury that would require annulment of the Zoning Board's determination (see, Matter of Cowan v Kern, 41 NY2d 591, 597; Matter of Texaco Ref. & Mktg. v Valente, 174 AD2d 674, 676; Matter of Orchard Michael, Inc. v Falcon, 110 AD2d 1048, affd 65 NY2d 1007). Accordingly, the Supreme Court acted properly here.

We have considered the petitioner's remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.