■ In the Matter of KEVIN KATTKE et al., Respondents, v INCORPORATED VILLAGE OF FREEPORT et al., Appellants. [607 NYS2d 84] —In a proceeding pursuant to CPLR article 78 to review a determination of the appellants, dated October 31, 1990, which, after a hearing, denied the petitioners' application for an area variance, the appeal is from an order of the Supreme Court, Nassau County (Burke, J.), entered September 30, 1991, which annulled the determination and remitted the matter to the appellants for further proceedings.

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

In 1972, the petitioner Kevin Kattke purchased two adjacent 40-by-100-foot lots in the Village of Freeport, Nassau County, and thereby created one 80-by-100-foot lot with a single family home, built in approximately 1928. This lot complied with the 50-foot minimum frontage requirement of

Freeport Code § 210.40. Without first obtaining a variance to divide his parcel into two substandard lots, Kattke sold the half of this 80-by-100-foot lot which contained the house at 158 Gordon Place to Susan Lesica and retained the vacant 40-by-100-foot lot. Kattke then contracted to sell this vacant lot to the copetitioner Guiseppe Bulzomi. The Village denied Bulzomi's application for a building permit to build a new single family home on this lot. Kattke and Bulzomi then applied to the appellant Zoning Board of Appeals for an area variance from the 50-foot minimum frontage requirement.

During the hearing before the Zoning Board of Appeals on the petitioners' request for an area variance, Kattke testified that he knew, at the time he sold 158 Gordon Place to Lesica, that he could not build on the vacant lot that he retained without first obtaining an area variance. He also testified that there had been a fire on the block which almost burned down the house located at 158 Gordon Place. Lesica also testified that Bulzomi's proposed home would be six or eight feet from her house.

The determination of the appellant Zoning Board of Appeals which denied the area variance to the petitioners was rationally based and was supported by substantial evidence *(see, Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 139, *affd* 67 NY2d 702). Local zoning boards have broad discretion in considering applications for variances and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 444).

" '[I]n order to justify the grant of an area variance, the applicant bears the burden of establishing that strict compliance with the zoning law will cause "practical difficulties" ' " *(Human Dev. Servs. v Zoning Bd. of Appeals, supra,* at 139, quoting from *Matter of Fuhst v Foley, supra,* at 445). In order to show practical difficulties, the burden is on the petitioner to show that the property cannot be utilized without coming into conflict with certain of the restrictions of the zoning ordinance *(see, Human Dev. Servs. v Zoning Bd. of Appeals, supra,* at 139). Although there is no single controlling factor, the issue of whether the difficulty was self-created is significant in determining whether the application for an area variance should be granted *(see, Human Dev. Servs. v Zoning Bd. of Appeals, supra,* at 139-140).

One of the reasons underlying the decision of the Zoning Board of Appeals to deny the area variance was that Kattke, knowing that he could not build upon a lot which had a

frontage of less than 50 feet, divided his parcel into two 40-by-100-foot lots, sold the parcel that contained the house, and retained the vacant 40-by-100-foot lot for himself. Thus, Kattke created his own difficulties. The Zoning Board of Appeals also based its determination on the fact that there had already been one serious fire on Gordon Place which endangered the nearby homes. These reasons provided a rational basis to deny the petitioners' application. Accordingly, the determination is confirmed. Bracken, J. P., Balletta, Copertino and Santucci, JJ., concur.