■ In the Matter of DANIEL SCHWARTZ et al., Appellants, v ZONING BOARD OF APPEALS OF THE INCORPORATED VILLAGE OF LAUREL HOLLOW et al., Respondents. [609 NYS2d 630] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Incorporated Village of Laurel Hollow, dated January 14, 1992, which, after a hearing, denied the petitioners' application to direct the issuance of a certificate of occupancy, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Becker, J.), dated June 18, 1992, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioners, in their application for a setback variance, submitted plans and elevations to the Zoning Board of Appeals of the Incorporated Village of Laurel Hollow for a proposed garage, which depicted a frame building rising to a height of 17 feet, without water service and with an unfinished attic space. After extensive discussions about the height of the proposed garage, the Zoning Board of Appeals granted a variance from the setback requirements, subject to the condition that the proposed garage be built no closer than 10 feet from the eastern boundary line. This variance was granted with the implicit understanding that the garage that was to be constructed would be the same garage depicted in the plans submitted by the petitioners in their variance application. The petitioners then built a garage that was substantially different from the garage depicted in their original plans in that it was at least four feet greater in height than the garage depicted in the original application, had a full second story, an interior stairway, and plumbing. The building permit was revoked, but

the petitioners disregarded the building inspector's order to cease construction and completed building the garage.

A zoning board's determination will be sustained if it has a rational basis and is supported by substantial evidence *(see, Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 139, *affd* 67 NY2d 702). The Zoning Board of Appeals denied the petitioners' request to direct the Building Inspector to issue a certificate of occupancy because the garage was built without the prior issuance of a valid building permit and the petitioners never applied for a variance from the setback requirements to construct the garage, as built. Therefore, the determination of the Zoning Board of Appeals was based upon a rational basis and was supported by substantial evidence.

We have examined the petitioners' remaining contentions, to the extent necessary in light of the foregoing determination, and find them to be without merit. Balletta, J. P., Ritter, Copertino and Goldstein, JJ., concur.