■ In the Matter of DENNIS L. GILLINGS et al., Appellants, v RICHARD S. FERNAN et al., Respondents. [612 NYS2d 49] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Zoning Appeals of the Town of Southampton, dated March 7, 1991, which, after a hearing, granted John Monahan's application for an area variance, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Henry, J.), entered July 14, 1992, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

John Monahan purchased approximately 6 acres of property in the Town of Southampton in Suffolk County. Approximately 5 acres of Monahan's property was located in a residence district which required a minimum of 5 acres to build a single-family home. The remainder of Monahan's property was separated from the 5-acre portion by LILCO high tension wires and consisted of two separate parcels of approximately one-half acre each. The two half-acre parcels were in a residence district which required a minimum of 3 acres to build a single-family home. Monahan applied to the Zoning Board of Appeals for a variance to subdivide his lot into two lots of 124,682 square feet each and for permission to apply the less restrictive 3-acre minimum zoning requirements. After public hearings, the Zoning Board of Appeals granted Monahan's area variance application on the ground that Monahan demonstrated that he suffered practical difficulty because his property crossed two residence districts. The petitioners, who owned property adjoining within 200 feet of Monahan's property, commenced the instant proceeding. The Supreme Court

upheld the determination of the Zoning Board of Appeals which granted the area variance.

A zoning board's determination will be sustained if the determination has a rational basis and is supported by substantial evidence *(see, Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 139, *affd* 67 NY2d 702). The Code of the Town of Southampton provided that the Zoning Board of Appeals had the power to grant an area variance when strict application of the code would cause practical difficulty or unnecessary hardship *(see,* Code of Town of Southampton § 330-166 [C] [1]). We find that the Zoning Board of Appeals properly granted the area variance. The determination was rationally based and was supported by substantial evidence *(see, Human Dev. Servs. v Zoning Bd. of Appeals, supra,* at 139).

We have examined the appellants' remaining contentions and find them to be without merit. Lawrence, J. P., O'Brien, Joy and Florio, JJ., concur.