■ In the Matter of NANCY CARLUCCI, Petitioner, v BOARD OF ZONING APPEALS OF TOWN OF PHILIPSTOWN, Respondent. [613 NYS2d 665] —Proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Philipstown filed July 18, 1992, which, after a hearing, denied the petitioner's request for an area variance.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

Initially, we note that the Supreme Court should have disposed of the proceeding on the merits instead of transferring it to this Court (see, Town Law § 267 [7]). However, this Court will decide the case on the merits in the interest of judicial economy (see, Matter of Cucci v Zoning Bd. of Appeals, 154 AD2d 372).

The decision of the Board of Zoning Appeals was supported by substantial evidence and was not illegal, arbitrary, or an abuse of discretion (see, e.g., Matter of Fuhst v Foley, 45 NY2d 441; Matter of Kattke v Village of Freeport, 200 AD2d 746; Matter of Scarsdale Ave. Equities Assocs. v Board of Appeals, 199 AD2d 397). The petitioner failed to meet her burden that strict compliance with the zoning law would cause "practical difficulties".

The record clearly indicates that the petitioner's difficulty in complying with the zoning regulation was self-created. While self-creation does not in and of itself justify a denial of an area variance application, this factor is a significant element militating against the application (see, Matter of Slakoff v Hitchcock, 194 AD2d 613; Matter of Nammack v Krucklin, 149 AD2d 596). After finding that the hardship was self-created, the Board of Zoning Appeals had no obligation to weigh the expense of compliance in the petitioner's favor (see, Matter of Slakoff v Hitchcock, supra, at 614; Matter of Nammack v

*Krucklin, supra,* at 596; *Matter of CDK Rest. v Krucklin,* 118 AD2d 851). Further, this Court has previously upheld the denial of an area variance where, as here, the zoning violation was self-created due to a builder's error *(see, e.g., Matter of Slakoff v Hitchcock, supra; Matter of Fendelman v Zoning Bd. of Appeals,* 178 AD2d 478; *Matter of Nammack v Krucklin, supra; Matter of J.T.T. Contrs. v Ward,* 148 AD2d 537).

In light of our determination confirming the determination and dismissing the petition, we need not reach the petitioner's remaining contentions. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.