■ In the Matter of ANTONIO ROMANO, Appellant, v PETER JENKS et al., Respondents. [631 NYS2d 875] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Incorporated Village of Lynbrook, dated February 25, 1993, which, after a hearing, denied the petitioner's application for an area variance, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Brucia, J.), dated December 8, 1993, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

On August 19, 1988, the petitioner's predecessor in interest, Dorothy Cholost, was granted a variance to subdivide a lot in the Village of Lynbrook, Nassau County, and thereby create two lots, one containing the pre-exisiting two-family dwelling, and the second containing a new one-family home. This variance was granted contrary to the Nassau County Planning Commission's recommendation to disapprove the application and in violation of the provisions of General Municipal Law § 239-m requiring a supermajority vote. Cholost took no further action with respect to this variance.

In 1990, the Village Code was amended to increase the minimum frontage for a one-family dwelling, from 50 to 55 feet (Code of Vil of Lynbrook § 252-14 [A], as amended by Local Laws, 1990, No. 2 of Vil of Lynbrook).

In August 1991 the petitioner entered into a contract to purchase the entire parcel from Cholost. Thereafter, in September 1991 Cholost received notice from the Building Department of the Village of Lynbrook that the variance to subdivide the property was voided on the ground that the time within which to obtain a permit had expired. Cholost's attorney requested a clarification from the Village Attorney who advised that the variance was still valid. However, the Village Attorney also advised Cholost of a proposed new local law which "would limit the life of a variance to one year where the

variance has not been acted upon within that time by the issuance of a building permit and commencement of construction in accordance with the terms of the variance", and that the "proposed local law would apply to variances granted before, on[,] or after the date of enactment of the local law".

On December 9, 1991, the Village enacted Local Laws, 1991, No. 13 of the Village of Lynbrook (Code of Vil of Lynbrook § 252-115 [B]), limiting the life of a variance. Thereafter, on February 13, 1992, the petitioner closed on the property. The petitioner contends that he did not receive notice until four months after the closing that the original variance was void in that it was not approved by a supermajority vote of the Zoning Board of Appeals pursuant to General Municipal Law § 239-m. The petitioner reapplied for a new variance on the same terms as the previous variance.

During the hearing before the Zoning Board of Appeals on the petitioner's request for a variance, the owner of an adjacent parcel complained that the petitioner's construction of a driveway on the parcel would pass within feet of his bedroom window, and various local residents testified that they opposed the construction of "another house in the Village built on a postage stamp lot". The petitioner testified that the one-family home was for use by his father and that he had expended $70,000 on renovations to the two-family dwelling in reliance on the Village Attorney's representation that the variance was still viable.

The determination of the Zoning Board of Appeals which denied the area variance was rationally based and was supported by substantial evidence (see, Human Dev. Servs. v Zoning Bd. of Appeals, 110 AD2d 135, 139, affd 67 NY2d 702). Local zoning boards have broad discretion in considering an application for a variance and judicial review is limited to a determination of whether the action taken by the zoning board is illegal, arbitrary, or an abuse of discretion (see, Matter of Fuhst v Foley, 45 NY2d 441; Matter of Smith v Board of Appeals, 202 AD2d 674). The zoning board's determination will ordinarily be sustained if the determination has a rational basis and is supported by substantial evidence (see, Matter of Fuhst v Foley, supra, 45 NY2d, at 444).

An applicant must sustain his burden of establishing that strict compliance with the zoning law will cause practical difficulties to justify the grant of an area variance (see, Matter of Kattke v Incorporated Vil. of Freeport, 200 AD2d 746). While there is no single rule for determining what evidence will give rise to a practical difficulty, whether the difficulty was self-

created is significant in determining whether the application for an area variance should be granted *(see, Human Dev. Servs. v Zoning Bd. of Appeals, supra,* at 139-140).

Here, the Village Attorney clearly apprised Cholost of the impending change in the local law. Moreover, in contrast to the requirement of the Code of the Village of Lynbrook for a minimum frontage of 55 feet, the proposed frontage of 40 feet is a significantly lesser amount. Finally, the petitioner's acquisition of the property and his expenditures for the improvement of the pre-existing two-family dwelling, both occurred subsequent to the enactment of Local Law, 1991, No. 13 of the Village of Lynbrook which limited the life of an area variance. Thus, the petitioner's difficulties were self-created. Mangano, P. J., Bracken, Balletta and Hart, JJ., concur.