■ In the Matter of RICHARD ALFARO, Appellant, v BARBARA LABRADOR et al., Respondents. [760 NYS2d 347] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Southampton dated May 17, 2001, which, inter alia, denied his application for a use variance, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Jones, J.), entered April 16, 2002, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The appellant was operating an automobile repair shop without first obtaining a certificate of occupancy for that use. At a hearing before the Zoning Board of Appeals of the Town of Southampton (hereinafter the ZBA), the appellant contended, inter alia, that the building in question previously had been used as a automobile repair shop, and as such, continued operation of the shop as a preexisting nonconforming use should be allowed. The ZBA denied the appellant's request for a use variance and this CPLR article 78 proceeding ensued. The Supreme Court denied the petition and dismissed the proceeding.

An applicant for a use variance must meet stringent requirements, inter alia, of showing practical difficulties and undue hardship (*see Matter of Consolidated Edison Co. of N.Y. v Hoffman,* 43 NY2d 598, 606-607 [1978]; *see also Matter of Soho Alliance v New York City Bd. of Stds. & Appeals,* 95 NY2d 437 [2000]). The appellant failed to make such a showing. Accordingly, the Supreme Court properly concluded that the ZBA's determination should not be set aside because there was no evidence of illegality, arbitrariness, or abuse of discretion (*see Matter of Soho Alliance v New York City Bd. of Stds. & Appeals, supra* at 440; *Matter of Consolidated Edison Co. of N.Y.*

*v Hoffman, supra*). Moreover, the evidence presented to the ZBA established that the building had not been used as an automobile repair shop. Thus, there is no merit to the appellant's argument regarding nonconforming use (*see Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]; *Matter of Fuhst v Foley,* 45 NY2d 441 [1978]; *Human Dev. Servs. of Port Chester v Zoning Bd. of Appeals of Vil. of Port Chester,* 110 AD2d 135 [1985], *affd* 67 NY2d 702 [1986]).

The appellant's remaining contentions are without merit. Smith, J.P., H. Miller, Cozier and Rivera, JJ., concur.