In the Matter of ROSEWOOD HOME BUILDERS, INC., Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF WATERFORD et al., Respondents. [794 NYS2d 152]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Ferradino, J.), entered July 27, 2004 in Saratoga County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Zoning Board of Appeals of the Town of Waterford denying petitioner's request for area variances.

Petitioner is the developer of a residential subdivision in the Town of Waterford, Saratoga County. Due to an error by one of petitioner's subcontractors or its surveyor, the two-unit townhouse constructed on lot 70 of the subdivision was situated 2.5 feet from the property line between lots 70 and 71, and 22.5 feet from the townhouse structure on lot 71. This error resulted in noncompliance with Waterford Town Code § 161-55, which requires that each townhouse structure have a minimum side

setback of 15 feet from the property line and a minimum building separation of 30 feet.

Petitioner applied for area variances of 12.5 feet for the side setback and 7.5 feet for the minimum building separation requirement. Petitioner also applied for an adjustment of the boundary line between lots 70 and 71, reducing petitioner's request for a setback variance to 7.5 feet; the minimum building separation variance request remained 7.5 feet. Consideration of petitioner's area variance application by respondent Zoning Board of Appeals of the Town of Waterford (hereinafter respondent) was based upon the assumption that the boundary line adjustment request would be granted, and thus, it considered the smaller variance requests.

A public hearing was held over two dates, and respondent granted petitioner's request to submit supplemental materials in support of its application. In its decision, respondent noted that the structure was misplaced due to an error by one of petitioner's subcontractors and that petitioner asserted that the mistake was not discovered until the structure was nearly complete, that all other townhouse structures in the immediate neighborhood conformed with side setback and structure separation requirements and that the townhouse on lot 70 would have been in compliance if it had been situated according to the approved plan, and that the only means of bringing the property into compliance would be to demolish and reconstruct the townhouse, at an approximate cost of $161,000. It noted that the requested variances represented a 50% reduction in the side setback requirement and a 25% reduction in the structure separation requirement, which it characterized as substantial. Acknowledging the cost to petitioner, respondent found the need for the area variances to be self-created. Respondent concluded that granting the variances would produce an obvious, substantial and undesirable aesthetic change in the character of the neighborhood, and would result in detriment to nearby properties, particularly the neighboring townhouse on lot 71, and it denied the requested variances. Supreme Court dismissed petitioner's CPLR article 78 proceeding seeking annulment of respondent's determination.

The record reveals that in reaching its determination to deny petitioner the requested variances, respondent considered: "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area vari-

ance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created" (Town Law § 267-b [3] [b]). Respondent weighed the benefit of a grant of the variances to petitioner against the detriment to the health, safety and welfare of the neighborhood if the variances were granted (*see* Town Law § 267-b [3] [b]; *Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]). Specifically, evidence of the obvious aesthetic impact of the nonconforming structure was presented in the statements of objecting neighbors, including the contract vendee of the immediately adjacent unit on lot 71, and at least one member of respondent visited the site. This provides evidence of more than mere generalized objections of neighbors (*see Matter of Ifrah v Utschig, supra* at 308), and it cannot be said that the negative aesthetic impact of the nonconforming structure in the otherwise uniformly compliant subdivision is not a public interest to be served by denying the variances (*compare Human Dev. Servs. of Port Chester v Zoning Bd. of Appeals of Vil. of Port Chester*, 67 NY2d 702, 706 [1986]; *Matter of Niceforo v Zoning Bd. of Appeals of Town of Huntington*, 147 AD2d 483, 485 [1989], *lv denied* 74 NY2d 612 [1989]).

Here, respondent clearly considered the financial detriment to petitioner if the variances were denied, even though it "had no obligation to weigh the expense of compliance in the petitioner's favor" (*Matter of Carlucci v Board of Zoning Appeals of Town of Philipstown*, 205 AD2d 688, 688 [1994]) given the self-created nature of the need for the variances (*see Matter of Slakoff v Hitchcock*, 194 AD2d 613, 614 [1993]). Moreover, there is evidence in the record that the structure was partially complete when the error was discovered, and that petitioner continued to construct the townhouse thereafter. Respondent's finding that demolishing and reconstructing the structure was not a feasible alternative does not mandate granting the variances, as it is clear from the record that respondent's finding in this regard merely restated petitioner's sentiment that an expenditure of $161,000 to correctly situate the structure was a financially undesirable option.

In sum, respondent weighed the factors presented in this matter—the aesthetic impact of a nonconforming structure in the neighborhood against the self-created nature of petitioner's dilemma and the cost of conforming the structure—and determined that granting the variances would cause detriment

to the neighborhood that outweighed the financial benefit to petitioner. Respondent's determination was not arbitrary and capricious or irrational, and it finds substantial support in the record (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead, supra* at 613; *Matter of Johnson v Town of Queensbury Zoning Bd. of Appeals*, 8 AD3d 741, 743 [2004]), and thus, it will not be disturbed.

Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.