# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**934**

**CA 15-00113**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF CERTIFIED ROAD
CONSTRUCTORS, INC., DOING BUSINESS AS
MATERIAL SAND & GRAVEL, AND TROY
SAND & GRAVEL CO., INC.,
PETITIONERS-APPELLANTS,

V                                          MEMORANDUM AND ORDER

TOWN OF RUSSIA ZONING BOARD OF
APPEALS, RESPONDENT-RESPONDENT.

---

TUCZINSKI, CAVALIER & GILCHRIST, P.C., ALBANY (ANDREW W. GILCHRIST OF COUNSEL), FOR PETITIONERS-APPELLANTS.

SCHMITT & LASCURETTES, LLC, UTICA (WILLIAM P. SCHMITT OF COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Herkimer County (Norman I. Siegel, J.), entered April 16, 2014 in a CPLR article 78 proceeding. The judgment dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to annul a determination of respondent, Town of Russia Zoning Board of Appeals (ZBA), denying petitioners' appeal of a stop work order issued by the "Codes/Zoning Enforcement Officer" of the Town of Russia (Town) after petitioners sought permission from the Town to update their asphalt-making machinery from older "cold mix" technology to incorporate a more modern "hot mix" process. Supreme Court dismissed the petition.

We affirm for reasons stated in the decision at Supreme Court. We add only that, contrary to petitioners' contentions, the ZBA did not improperly consider evidence submitted to the Town "by or on behalf of" petitioners with respect to previous, unrelated matters (*see Matter of Silveri v Nolte*, 128 AD2d 711, 712; *cf. Matter of Sunset Sanitation Serv. Corp. v Board of Zoning Appeals of Town of Smithtown*, 172 AD2d 755, 755), the ZBA fulfilled its obligation to "disclose all evidence upon which it relied in reaching a decision" (*Matter of Stein v Board of Appeals of Town of Islip*, 100 AD2d 590, 590; *see generally Matter of Collins v Behan*, 285 NY 187, 188), and

the ZBA's "determination is supported by more than the generalized objections of neighbors" (*Matter of Ifrah v Utschig*, 98 NY2d 304, 308).